CASES DECIDED IN ALL THE

# JUDICIAL DISTRICTS

OF

# PENNSYLVANIA

## VOL. X.

---

## Swift's Estate.

*Wills—Construction—Failure of issue—Trusts and trustees.*

Where a testator gives the residue of his estate in trust for two daughters for life, with the same provisions as to the two trusts, and with complicated directions regulating the descent until final failure of issue in each line, the court, in distributing the estate on final failure in the line of one of the sisters to the descendants of the other sister, will construe a reference to "uncles and aunts" in the trust which failed as limited to the line in such trust, and not applicable to the second trust.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1883, No. 359.

*Thomas Stokes* (with him *Pepper, Bodine, Stokes & Schoch),* for exceptions. *Howard H. Yocum,* contra.

HENDERSON, J., Dec. 8, 1927.—This will contains a wealth of verbiage, the essential clauses of which, however, can be readily set apart and those in dispute balanced one against the other.

The testator was survived by two daughters, and he divided his estate in two parts, with similar trusts for each and her respective descendants.

We have before us the account in the trust for Mrs. Balch, who was survived by three children, Emily, Edwin S. and Thomas Willing, dying in the order named, and none of whom left descendants.

The other daughter, Mary S. Thorne, is deceased, and she is survived by two children, Eliza W. Train and Scharlie Fane, and three grandchildren, Charles Willing Brown, Jr., the son of Charles Willing Brown, and Joseph S. Brown, Jr., and Farley B. Ransom, the children of Joseph S. Brown.

Mrs. Balch's line being extinct, the Auditing Judge awarded her trust fund to the descendants of the other daughter, Mrs. Thorne; the shares of her grandchildren, the great-grandchildren of the testator, being awarded absolutely, and those to her children, the grandchildren of the testator, being awarded in trust. The latter except, claiming their shares should have been awarded to them absolutely under another clause of the will.

Swift's Estate.

In brief, the will directs that upon the death of Mrs. Balch her share shall continue in trust for her children and their descendants born in the lifetime of the testator, with a further provision for those born after his death. And further, upon the death of a child without issue, "then to his or her brothers & sisters, . . . and the descendants then living of any such brothers and sisters then deceased, if any such there be, or if there be none, then to his or her uncles and aunts and the descendants then living of any such uncles and aunts then deceased *per stirpes*, if any such there be. . . ." This is the first of the opposing clauses.

The will then continues, "and if none then over as hereinafter directed in case of like failure of & concerning the shares of my said daughter's children, and descendants, such as are not in existence at my decease. . . ."

The provision therein alluded to as "hereinafter directed" is as follows: ". . . then in trust to pay over, assign and convey the principal of said shares to such persons as shall at the time be entitled to the other moiety of my residuary estate hereinafter directed to be retained, and held in trust to be held for like estate and remainders, upon similar trusts and powers as are hereinafter directed concerning the same, provided however in all the cases aforesaid, wherever any sub-share of this moiety shall in case of the death of any allottee, under any of the foregoing limitations fall to any person who shall at the time be entitled as *cestui que trust*, to an original share of said moiety then actually held in trust, for him or her, then such new or accrued share notwithstanding any previous direction of payment to him or her shall not be paid to him or her directly, but shall be held by the said Company, their successors and assigns, in trust for such distributee, with like powers, for the same estate, subject to the same directions and limitations as to the payment of the income, with remainders over, and upon all the trusts, contingencies, limitations, provisos and restrictions imposed on his or her said original share, which passed on the decease of my said daughter with like force and effect, as if such accretion had formed a part thereof from the beginning."

This is the other clause, and our task is to interpret and reconcile them. We cannot read these provisions and the will as an entirety without being impressed with the thought that the testator in the earlier provision was endeavoring to provide for every contingency which might happen down to the extinction of the Balch line; and in the later provision for the disposition of the Balch moiety in that event.

The exceptants urge that the first quoted clause makes a gift, upon the extinction of the Balch line, to the uncles (there were no uncles) and aunts of the Balch children and their descendants. This construction would give this moiety to these exceptants, the descendants of Mrs. Thorne, absolutely. If this construction is sound, then the gift over, on the extinction of the Balch line, to those entitled to the other moiety is wholly unnecessary and meaningless.

We are of opinion that when he spoke of aunts in the first clause dealing with the extinction of the Balch line, he meant aunts within that line; that is, aunts of great-grandchildren; and it was his intent, upon the extinction of the Balch line, that that moiety should pass to those entitled to the other moiety "and held in trust to be held for like estate and remainders. . . ."

This interpretation has the merit of preserving both clauses, assigning a reasonable meaning to each, rather than wholly discarding the later provision.

The exceptions are dismissed and the adjudication is confirmed absolutely.